UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2014 JUN 23  P 1: 51

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC. | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) Civil Action No. | |
| vs. | ) | |
| | ) | 2:14-CV-622 |
| YANCE E. MACLEROY; FIRENZE II, | ) | |
| LLC d/b/a CAFE FIRENZE II | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, Joe Hand Promotions, Inc., by and through its attorneys, as and for its Complaint against the Defendants, YANCE E. MACLEROY, individually, and as an officer, director, shareholder and/or principal of FIRENZE II, LLC d/b/a CAFÉ FIRENZE II and FIRENZE II, LLC d/b/a CAFÉ FIRENZE II, allege as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. §1331 (federal question), as this civil action is brought pursuant to 47 U.S.C. §553 and 605.

2. This Court has personal jurisdiction over the parties to this action as a result of Defendants' wrongful acts, complained of herein, which violated Plaintiff's rights as the exclusive domestic commercial distributor of the transmission signal of the fight Program as hereinafter set forth in length. Defendants' wrongful acts consisted of the interception, reception, publication, divulgence, display, exhibition and tortious conversion of Plaintiff's property, while said property was in the Plaintiff's control in the State of Alabama.

3. Upon information and belief, venue is proper in the Middle District of Alabama, Northern Division pursuant to 28 U.S. C. §1391(b) because, inter alia, all Defendants reside

within the State of Alabama and/or a substantial part of the events or omissions giving rise to the

claim occurred in this District.

## THE PARTIES

4.      The Plaintiff, Joe Hand Promotions, Inc. is a Pennsylvania corporation with its

principal place of business located at 407 East Pennsylvania Boulevard, Feasterville,

Pennsylvania 19053.

5.      Upon information and belief, Defendant, YANCE E. MACLEROY, resides in the

State of Alabama.

6.      Upon information and belief, Defendant, YANCE E. MACLEROY, was an

officer, director, shareholder and/or principal of FIRENZE II, LLC d/b/a CAFÉ FIRENZE II.

7.      Upon information and belief, Defendant, YANCE E. MACLEROY, was the

individual with supervisory capacity and control over the activities occurring within the

establishments on February 25, 2012.

8.      Upon information and belief, Defendant, YANCE E. MACLEROY, received a

financial benefit from the operations of FIRENZE II, LLC d/b/a CAFÉ FIRENZE II, on

February 25, 2012.

9.      Upon information and belief, Defendant, FIRENZE II, LLC d/b/a CAFÉ

FIRENZE II, is a business entity, the exact nature of which is unknown, having its principal

place of business at 200 Town Mart, Clanton, Alabama 35045.

10.      Upon information and belief, Defendant, FIRENZE II, LLC d/b/a CAFÉ

FIRENZE II, is a Domestic Corporation, incorporated and licensed to do business in the State of

Alabama.

11.     Upon information and belief, Defendant, FIRENZE II, LLC d/b/a FIRENZE II, is a partnership licensed to do business in the State of Alabama.

12.     Upon information and belief, Defendant, FIRENZE II, LLC d/b/a FIRENZE II, is a sole proprietorship licensed to do business in the State of Alabama.

## COUNT I

## VIOLATION OF TITLE 47 U.S.C. §605

13.     Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs "1" through "12", inclusive, as though set forth herein.

14.     By contract, Plaintiff was granted the right to distribute the UFC 144: Edgar v. Henderson Broadcast, including all undercard bouts and the entire television broadcast, scheduled for February 25, 2012, (hereinafter referred to as the "Broadcasts"), via closed circuit television and via encrypted satellite signal. The Broadcasts originated via satellite uplink, and were subsequently re-transmitted to cable systems and satellite companies via satellite signal.

15.     Pursuant to the contract, Plaintiff entered into subsequent agreements with various entities of the State of Alabama, allowing them to publicly exhibit the Broadcasts to their patrons.

16.     In consideration of the aforementioned agreements, Plaintiff expended substantial monies to transmit the Broadcasts to those entities in the State of Alabama.

17.     Upon information and belief, with full knowledge that the Broadcasts were not to be received and exhibited by entities unauthorized to do so, Defendants and/or their agents, servants, workmen and/or employees unlawfully intercepted, received and/or de-scrambled said satellite signal, and did exhibit the Broadcasts at the above referenced address and/or addresses

at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

18.     Upon information and belief, Defendants and/or their agents, servants, workmen and/or employees used an illegal satellite receiver, intercepted Plaintiff's signal and/or used a device to intercept Plaintiff's Broadcasts, which originated via satellite uplink and then re-transmitted via satellite or microwave signal to various cable and satellite systems. There are multiple illegal methods of accessing the Broadcasts, including, (1) splicing an additional coaxial cable line or redirecting a wireless signal from an adjacent residence into a business establishment; (2) commercial establishments misusing cable or satellite by registering same as a resident when it is, in fact, a business; or (3) taking a lawfully obtained box or satellite receiver from a private residence into a business. In addition, emerging technologies, such as broadband or internet broadcast, as well as "sling box" technology (which allows a consumer to literally sling the Broadcast from his personal home cable or satellite systems into his computer), can allow commercial misuse of residential broadcasting feeds through the internet from anywhere in the world. Each of these methods would allow Defendants to access the Broadcasts unlawfully. Prior to Discovery, Plaintiff is unable to determine the manner in which Defendants obtained the Broadcasts. However, it is logical to conclude that Defendants, used an illegal satellite receiver, misrepresented its business establishment as a residence, or removed an authorized residential receiver from one location to a different commercial location to intercept Plaintiff's Broadcasts.

19.     47 U.S.C. §605 (a) prohibits the unauthorized reception and publication or use of communications such as the transmission herein, to which Plaintiff held the distribution rights.

20.     By reason of the aforementioned conduct, Defendants herein willfully violated 47 U.S.C. §605 (a).

21.     By reason of Defendants' violation of 47 U.S.C. §605 (a), Plaintiff has a private right of action pursuant to 47 U.S.C. §605.

22.     As a result of Defendants' willful violation of 47 U.S.C. §605 (a), Plaintiff is entitled to damages, in the discretion of this Court, under 47 U.S.C. §605 (e) (3) (C) (i) (II) and (ii), of up to the maximum amount of $110,000.00 as to each Defendant herein.

23.     Pursuant to 47 U.S.C. §605, Plaintiff is also entitled to an award of full costs, interest and reasonable attorney's fees.

## COUNT II

## VIOLATION OF TITLE 47 U.S.C. §553

24.     Plaintiff hereby incorporates paragraphs "1" through "23", inclusive, as though fully set forth herein.

25.     Upon information and belief, with full knowledge that the Broadcasts were not to be received and exhibited by entities unauthorized to do so, Defendants and/or its agents, servants, workmen and or employees did exhibit the Broadcasts at the referenced address or addresses at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

26.     47 U.S.C. §553 prohibits the unauthorized reception, interception and exhibition of any communications service offered over a cable system, such as the transmission herein, to which Plaintiff had the distribution rights.

27.     Upon information and belief, Defendants individually, willfully and illegally intercepted said Broadcast when it was distributed and shown by cable television systems.

28.     By reason of the aforementioned conduct, Defendants herein willfully violated 47 U.S.C. §553, thereby giving rise to a private right of action.

29.     As a result of Defendants' violation of 47 U.S.C. §553, Plaintiff is entitled to damages in an amount, in the discretion of this Court, of up to the maximum amount of $60,000.00, plus the recovery of full costs, interest and reasonable attorney's fees.

30.     Without further Discovery from and/or admission by Defendants, Plaintiff cannot determine if Defendants intercepted Plaintiff's signal via a cable system, in violation of 47 U.S.C. §553, or via a satellite transmission, in violation of 47 U.S.C. §605. As such, Plaintiff is alleging two (2) counts in its Complaint. Plaintiff recognizes that Defendants can be liable for only (1) of these statutes.

WHEREFORE, Plaintiff requests that judgment be entered in its favor and against each Defendant herein, granting to Plaintiff the following:

(a)     A finding that each Defendant's unauthorized exhibition of the February 25, 2012, UFC 144: Edgar v. Henderson Broadcast violated the Federal Communications Act and that such violations were committed willfully and for purposes of each Defendant's direct or indirect commercial advantage or for private financial gain; and

(b)     On the first cause of action, statutory penalties in an amount, in the discretion of this Court, of up to the maximum amount of $110,000.00 as to each Defendant for its willful violation of 47 U.S.C. §605 (a).

(c)     On the second cause of action, statutory penalties in an amount, in the discretion of this Court, of up to the maximum amount of $60,000.00 as to each Defendant for its violation of 47 U.S.C. §553; and

(d)     Attorney's fees, interest, and costs of suit as to each Defendant pursuant to 47 U.S.C. §605 (e) (3) (B) (iii) or §553 (c) (2) (C), together with such other and further relief as this Court may deem just and proper.

F. Page Gamble (ASB-3857-E31F)
F. PAGE GAMBLE, P.C.
300 Vestavia Parkway
Suite 2300
Birmingham, AL 35216
Attorney for Plaintiff
(205)795-2078
(205)795-2079 - facsimile

Defendants to be served by Certified Mail:

FIRENZE II, LLC
d/b/a CAFÉ FIRENZE II
c/o YANCE EDWARD MACLEROY
110 INVERNESS PLAZA
BIRMINGHAM, AL 35242

YANCE E. MACLEROY
2315 Sun Valley Rd
Harpersville, AL 35078